### Chicago & Alton R. R. Co. v. Emma Esten.

1. QUESTIONS OF FACT—*Are for the Jury.*—Questions as to the proper equipment of engines and the origin of a fire adjacent to a railroad track are for the determination of the jury from the evidence.

2. EVIDENCE—*Party Complaining Not Prejudiced.*—Where it appears from all the evidence in the case that the party complaining was not prejudiced by an improper question and answer, and where, upon the whole record, the verdict appears to be the proper disposition of the issues presented by the pleadings, the judgment will be affirmed.

Trespass on the Case, for damages resulting from fire set by engines. Trial in the Circuit Court of Logan County; the Hon. JOHN H. MOFFETT, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

BLINN & HARRIS, attorneys for appellant.

BEACH & HODNETT, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit brought by the appellee against the appellant in the Circuit Court of Logan County, to recover damages for burning her two houses and the outbuildings connected therewith, together with some personal property contained therein. The trial was by jury and resulted in a verdict and judgment for the appellee of $1,500. The appellant brings the case to this court and urges a reversal of the judgment on the grounds, (1) that the verdict is contrary to the evidence; (2) that the court gave an improper instruction to the jury at the request of the appellee; and (3) the court admitted improper evidence for the appellant over the appellee's objection. The evidence shows that the buildings and property in question were situated in Lawndale, Logan county, through which passed the railroad of the appellant, having a main and two side tracks there. West of the side track and close thereto was an elevator. The buildings of the appellee that were burned were northwest across the street, and about 300 feet from the elevator. A little after nine o'clock in the evening of November 4, 1895, this elevator was discovered to be on fire at the top. The wind was blowing from the main track of the railroad and the elevator toward the property burned. The fire from the elevator was carried by the wind to the property of the appellee and set it on fire and it burned. No one saw how the fire originated on top of the elevator, but the evidence shows that two freight trains passed north through Lawndale on appellant's railroad a very short time before the fire was first seen, and the engineer in charge of the engine of one of these trains, in his testimony, states his engine was throwing out sparks when it passed through Lawndale, and there was other evidence tending to show that the fire on the top of the elevator was set by the engine on one of these trains.

The appellant offered evidence tending to show that both of the engines on these trains were equipped with approved spark arresters, had been recently inspected, were in good condition, were in charge of careful and skilled engineers,

and were managed carefully when passing through Lawndale; but it was in evidence that the track was slightly down grade through Lawndale, in the direction these trains were going. The track was good and smooth, so that if the management, equipment and condition of these engines were as good as contended for by the appellant, neither of them would have set out the fire that was seen on top of the elevator.

We have carefully read all the evidence in the bill of exceptions in the record in this case, and after fully considering the same, we are satisfied that there was ample evidence to warrant the jury in concluding that one of the engines of these two trains of the appellant that passed north on its railroad, just before the fire was seen on top of the elevator, started that fire, since there was no reasonable way otherwise to account for it, when all the surrounding circumstances, as shown by the evidence, are fairly and fully considered. As to how this fire originated, and whether the engines of the appellant were properly equipped, in good condition and properly managed, were all questions of fact for the jury, and there is ample evidence in this record tending to support the conclusion reached by the jury on these questions of fact; hence, we conclude we ought not to disturb their findings as being against the weight of the evidence.

The instruction complained of by the appellant, which was given at the request of the appellee, is as follows: " 4. The court instructs the jury that if you believe from the evidence that fire was communicated from a locomotive engine, used by the defendant upon its railroad, to the grain elevator at Lawndale, on the night in controversy, and if you further believe from the evidence that by reason of such fire so communicated, the said grain elevator burned up, and the elevator fire directly caused the property of the plaintiff, mentioned in said declaration, to take fire and be thereby burned up and injured by such fire so communicated, then the fact that such fire was communicated should be taken by the jury as full *prima facie* evidence to charge

the corporation using the road and engine with negligence."
The criticism made being that the jury did not understand the
effect of full *prima facie* evidence, and that the instruction
should have gone further and told the jury that these facts
recited in the instruction, although they made out a full
*prima facie* case of negligence, yet it might be overcome by
other proof offered by the appellant, which tended to show
the engines in question were in good condition and properly
handled and equipped, as was done in an instruction which
was approved in C. & A. R. R. Co. v. Pennell, 110 Ill. 437.

But the criticism of this fourth instruction by the appel-
lant is completely answered, and against this contention, in
the case of L. E. & St. L. Con. R. R. Co. v. Spencer, 149 Ill.
103, 104.

The appellant complains that the court below, over its
objection, permitted the appellee to be asked this question:
"Q.   If there was any other way for that roof to take fire
than through fire from the train, you may state."   And to
make answer thereto as follows:   "No, sir; none I can
conceive of."   Because it insists the question called for and
the answer gives the opinion of the witness.   Upon exam-
ination of all the testimony of this witness as it appears in
the bill of exceptions, we find that this question and answer
was in connection with the fact that the witness is shown
to have known and detailed the various places from whence
fire was likely to have been communicated to the top of the
elevator, and those were facts properly before the jury; and
while we must hold that the court ought to have sustained
the appellant's objection to this question and answer, yet
we are satisfied the appellant was not prejudiced by the
question and answer, since, on the whole record, the
verdict is, in our opinion, the proper disposition of the
issues presented by the pleadings, when all the evidence is
fully and fairly considered.   The judgment of the court
below is affirmed.